

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00149-CR
No. 07-22-00150-CR

---

RINO REY ACOSTA, APPELLANT

V.

STATE OF TEXAS, APPELLEE

---

On Appeal from the 100th District Court
Childress County, Texas
Trial Court Nos. 6606 & 6607, Honorable Stuart Messer, Presiding

---

December 2, 2022

## ORDER OF ABATEMENT AND REMAND

### Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Rino Rey Acosta, appeals from the trial court's judgments adjudicating him guilty of the offense of burglary of a habitation.[1] The appellate record was originally due September 8, 2022. The clerk's record was filed by this deadline, but the reporter's record was not. We subsequently granted the reporter an extension to file the reporter's record. By letter of October 11, 2022, we admonished the reporter that failure to file the

---

[1] *See* TEX. PENAL CODE ANN. § 30.02.

reporter's record by October 24 could result in the appeal being abated and the cause remanded to the trial court for further proceedings without further notice. To date, the reporter's record has not been filed and the reporter has had no further communication with this Court.

Accordingly, we abate the appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 35.3(c) ("The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed."); 37.3(a)(2) (requiring appellate courts to "make whatever order is appropriate to avoid further delay and to preserve the parties' rights" when the appellate record is not timely filed). On remand, the trial court shall determine the following:

1.　　what tasks remain to complete the filing of the reporter's record;

2.　　why the reporter has not completed the necessary tasks;

3.　　what amount of time is reasonably necessary for the completion of those tasks; and

4.　　whether the reporter can complete the tasks within the time the trial court finds reasonable.

Should the trial court determine that the reporter will require more than thirty days to complete, certify, and file the reporter's record, it shall arrange for a substitute reporter to do so. The trial court is directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental clerk's record and cause that record to be filed with this Court by January 2, 2023.

2

Should the reporter file the reporter's record on or before December 16, 2022, she is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.

Quinn, C.J., not participating.